**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2017-KA-01514-SCT**

*DOUGLAS NEELY a/k/a DOUGLAS NEELY, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/19/2017 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| TRIAL COURT ATTORNEYS: | MARC DARREN AMOS |
| | MARK G. WILLIAMSON |
| | LINDSAY KIRKLEY CLEMONS |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | SCOTT WINSTON COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 03/07/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS AND KING, P.JJ., AND COLEMAN, J.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    After a jury trial, Douglas Neely was convicted of resisting arrest and felony fleeing a law enforcement officer. The Circuit Court of Oktibbeha County sentenced Neely, for felony fleeing a law enforcement officer, to five years as an habitual offender and, for resisting arrest, to six months, to run consecutive to the five year sentence. Neely appeals. His appellate counsel has filed a brief in accordance with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), certifying to this Court that, after examining the record, no arguable issues

exist. Neely's appellate counsel requested and was granted additional time for Neely to file a *pro se* brief raising any issues he desired to raise on appeal. Neely never filed a *pro se* brief. We affirm Neely's conviction and sentence.

**FACTS**

¶2.     In the early morning hours of September 16, 2014, Deputy Sheriff Josiah Buckner was patrolling near Club Rock in Oktibbeha County when he observed a vehicle pulling out of the Club Rock parking lot. The vehicle, which had no headlights on, first proceeded southbound in the northbound lane, then swerved from lane to lane. When Deputy Buckner turned on his blue lights to initiate a stop, the vehicle's driver turned on his vehicle's headlights. Deputy Buckner, in uniform, approached the driver's side and noticed a strong odor of intoxicating beverage emanating from the vehicle and its driver. Deputy Buckner noticed that the driver, later identified as Douglas Neely, appeared extremely nervous. Upon checking Neely's driver's license through dispatch, Deputy Buckner learned that the license had been suspended. Because Neely seemed so nervous and because Deputy Buckner suspected that he had been driving under the influence, he radioed Deputy Sheriff Tim Cook for backup and asked Neely to step out of the car. Instead of following Deputy Buckner's instruction, Neely grabbed the steering wheel, slammed down the accelerator, and sped away.

¶3.     Deputy Buckner pursued Neely for approximately one mile, achieving speeds of eighty miles per hour in a forty-mile-per-hour residential zone. Neely turned a corner and his vehicle got stuck in mud. Deputy Buckner pulled up behind Neely's vehicle, exited his patrol car, and approached the driver's side. The officer observed that the driver's side window still

2

was rolled down. He drew his taser and told Neely to step out of the vehicle or he would be tased. Because Neely showed no sign of compliance, Deputy Buckner fired the taser. But because one of the taser's two probes failed to make contact with Neely, the taser was ineffective to incapacitate him. Deputy Buckner followed up by attempting a dry stun to Neely's shoulder area. As he reached into the vehicle and touched the taser to Neely's shoulder area for the dry stun, Neely began making a growling noise and bit Deputy Buckner's hand. Deputy Buckner testified that he stunned Neely two or three times, and each time Neely bit his hand.

¶4. Having failed to subdue Neely, Deputy Buckner attempted to pull him out of the vehicle, and Neely grabbed his arm. At that point, Neely's car got traction, and he sped off, dragging Deputy Buckner along the road until he was flung from the vehicle. Then, he and Deputy Cook, who had arrived when Deputy Buckner had been trying to pull Neely out of the car, ran in an attempt to catch up with Neely's vehicle. They heard a crash and discovered that Neely had driven off an embankment. Neely had fled the scene on foot, but he turned himself in the next day.

¶5. Neely gave a statement to Deputy Sheriff Mahyar Netadj in which he admitted having used powder cocaine and alcohol before going to Club Rock. Neely also admitted that he had been aware that he had been pulled over by a police officer when he decided to flee to avoid arrest. Neely said he fled, wrecked his car, and ran into the woods. Neely denied any recollection of his second encounter with Deputy Buckner, in which he had bitten Deputy Buckner and dragged him outside the vehicle.

3

¶6. Neely was tried on one count of simple assault of a law enforcement officer and one count of felony fleeing a law enforcement officer, as an habitual offender. On the charge of simple assault of a law enforcement officer, the trial court gave a lesser-included offense instruction on resisting arrest, a misdemeanor. The jury convicted Neely of resisting arrest and felony fleeing a law enforcement officer. The trial court found beyond a reasonable doubt that Neely was an habitual offender under Mississippi Code Section 99-19-81 (Rev. 2015) and sentenced him to the maximum of five years for felony fleeing and six months for resisting arrest.

## DISCUSSION

¶7. This Court has adopted a procedure that governs cases in which an indigent defendant's appellate counsel has submitted a brief declaring that the client's case presents no arguable issues for appeal. *Lindsey*, 939 So. 2d at 748. Initially, "counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7)." *Id.* In the brief,

> counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id.* Counsel must send a copy of the brief to the defendant, inform the defendant that counsel could find no arguable issues in the record, and advise the client that he or she has the right to file a *pro se* brief. *Id.* If the *pro se* brief raises an arguable issue, or if this Court finds an

4

arguable issue in its independent review of the record, then "the [C]ourt must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal." *Id.* at 748-49.

¶8.　　Neely's appellate counsel submitted a brief in compliance with *Lindsey*. Appellate counsel certified that, after scouring the record thoroughly, he had found no arguable issues for appeal. Appellate counsel sent a copy of the brief to Neely, informing him that he had the right to file a *pro se* brief. This Court granted additional time for Neely to file a *pro se* brief, but he did not do so. After careful review of the record, the Court has found no arguable issues for appeal, and no supplemental briefing is required. Therefore, we affirm.

¶9.　　**AFFIRMED.**

　　**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**